UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Trustees of the LOCAL 7 TILE INDUSTRY WELFARE FUND, Trustees of the LOCAL 7 TILE INDUSTRY ANNUITY FUND, Trustees of the TILE LAYERS LOCAL UNION 52 PENSION FUND, Trustees of the BRICKLAYERS & TROWEL TRADES INTERNATIONAL PENSION FUND, and Trustees of the INTERNATIONAL MASONRY INSTITUTE, <br><br> Plaintiffs, <br><br> -against- <br><br> EAQ CONSTRUCTION CORP., and TAJ MARBLE & STONE, INC., <br><br> Defendants. | 14 CV <br><br> **COMPLAINT** |

Plaintiffs, by and through their attorneys, Virginia & Ambinder, LLP, as and for their Complaint, respectfully allege as follows:

## **NATURE OF THE ACTION**

1. This is a civil action pursuant to sections 502(a)(3) and 515 of the Employee Retirement Income Security Act, as amended, 29 U.S.C. §§ 1132(a)(3), 1145 ("ERISA"), and section 301 of the Labor Management Relations Act of 1947, 29 U.S.C. § 185 ("LMRA"), and other applicable law, to collect delinquent employer contributions to a group of employee benefit plans, and for related relief.

## **JURISDICTION AND VENUE**

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1367, and pursuant to 29 U.S.C. §§ 185 and 1132(e)(1).

3. Venue is proper in this judicial district pursuant to 29 U.S.C. §§ 185(a) and 1132(e)(2).

## THE PARTIES

4. Plaintiffs Trustees of the Local 7 Tile Industry Welfare Fund, Local 7 Tile Industry Annuity Fund, and Tile Layers Local Union 52 Pension Fund (collectively, the "Local 7 Benefit Funds") are employer and employee trustees of multiemployer labor-management trust funds organized and operated pursuant to various collective bargaining agreements in accordance with Section 302(c)(5) of the Taft-Hartley Act, 29 U.S.C. § 186(c)(5). The Local 7 Benefit Funds are employee benefit plans within the meaning of Section 3(3) of ERISA, 29 U.S.C. § 1002(3). The Local 7 Benefit Funds maintain their principal place of business at 45-34 Court Square, Long Island City, New York 11101.

5. Plaintiffs Trustees of the Bricklayers & Trowel Trades International Pension Fund and International Masonry Institute (the "International Benefit Funds") are employer and employee trustees of multiemployer labor-management trust funds organized and operated pursuant to various collective bargaining agreements in accordance with Section 302(c)(5) of the Taft-Hartley Act, 29 U.S.C. § 186(c)(5). The International Benefit Funds are employee benefit plans within the meaning of Section 3(3) of ERISA, 29 U.S.C. § 1002(3). The International Benefit Funds maintain their principal place of business at 620 F Street, N.W., Washington, D.C. 20004.

6. Defendant EAQ Construction Corp. ("EAQ Construction") is a corporation organized under the laws of the State of New York. At relevant times, EAQ Construction was engaged in business as an employer within the meaning of section 3(5) of ERISA, 29 U.S.C. § 1002(5), and was an employer in an industry affecting commerce

within the meaning of section 301 of the LMRA, 29 U.S.C. § 185. EAQ Construction maintains a place of business at 40 Delano Avenue, Yonkers, New York, 10704.

7. Defendant Taj Marble & Stone, Inc. ("Taj") is a corporation organized under the laws of the State of New York. At relevant times, Taj was engaged in business as an employer within the meaning of section 3(5) of ERISA, 29 U.S.C. § 1002(5), and was an employer in an industry affecting commerce within the meaning of section 301 of the LMRA, 29 U.S.C. § 185. Taj maintains a place of business at 40 Delano Avenue, Yonkers, New York, 10704.

## BACKGROUND

8. The Tile Setters and Tile Finishers Union of New York and New Jersey, Local Union No. 7 of the International Union of Bricklayers and Allied Craftworkers (the "Union") is a labor organization within the meaning of Section 301 of the Taft-Hartley Act, 29 U.S.C. § 185, and represents employees in an industry affecting commerce as defined in Section 502 of the Taft-Hartley Act, 29 U.S.C. § 142.

9. At all times relevant hereto, EAQ Construction was bound to a collective bargaining agreement (the "Agreement") with the Union.

10. The Agreement required the signatory to make specified hourly contributions to the Local 7 Benefit Funds and the International Benefit Funds, and various entities on whose behalf they act as collection agents (collectively, the "Funds"), in connection with all work performed in the trade and geographical jurisdiction of the Union.

11. In November 2012, representatives of the Funds completed a payroll audit of Defendant EAQ Construction's books and records covering the period July 1,

2008 through December 31, 2010 indicating that EAQ Construction owed $6,409.88, consisting of (1) principal deficiency in the amount of $4,318.21; (2) interest in the amount of $1,310.97; and (3) liquidated damages in the amount of $780.70;

12. In June 2014, representatives of the Funds completed a payroll audit of Defendant EAQ Constructions's books and records covering the period January 1, 2011 through December 31, 2012 indicating that EAQ Construction owed $2,244,850.24, consisting of (1) principal deficiency in the amount of $1,442,840.50; (2) interest of $540,956.69; (3) liquidated damages of $258,743.05; and (4) audit costs of $2,310.

## FIRST CLAIM FOR RELIEF

13. Plaintiffs repeat the allegations set forth in paragraphs 1 through 12 above and incorporate them herein by reference.

14. At relevant times, EAQ Construction was a party to, or manifested an intention to be bound by, a collective bargaining agreement (the "Agreement") with the Union.

15. The Union is a labor organization within the meaning of section 301 of the LMRA, 29 U.S.C. § 185, and represents employees in an industry affecting commerce as defined in section 502 of the LMRA, 29 U.S.C. § 142.

16. The Agreement required EAQ Construction to make specified hourly contributions to the Funds (including amounts for related entities on behalf of which they act as collection agents) in connection with all work performed in the trade and geographical jurisdiction of the Union ("Covered Work").

17. At relevant times, EAQ Construction and Taj had substantially identical management, business purpose, operation, equipment, customers, supervision and/or ownership.

18. At relevant times, the financial books and records of EAQ Construction and Taj were intermingled with each other, and showed that both companies employed some of the same carpenters.

19. At relevant times, the Defendants shared an address.

20. There was never an arm's length relationship between Taj and EAQ Construction.

21. Taj and EAQ Construction are alter egos, successors, and/or predecessors of each other and/or constitute a single employer, and each is liable for the other's unpaid contributions to the Funds.

22. Section 515 of ERISA provides that "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement." 29 U.S.C. § 1145.

23. Defendants contravened both the Agreement and section 515 of ERISA by their failure to contribute $6,409.88 to the Funds in connection with Covered Work performed during the Audit Period.

24. Under section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), and under the Agreement and/or the documents and instruments governing the Funds, Defendants are liable to the Funds for delinquent contributions of $4,318.21; interest from the due dates

through the date of judgment; liquidated damages of $863.64 (20% of the principal amount due); and all reasonable attorneys' fees, expenses, and costs incurred by the Funds in prosecuting this suit.

## SECOND CLAIM FOR RELIEF

25. Plaintiffs repeat the allegations set forth in paragraphs 1 through 24 above and incorporate them herein by reference

26. Defendants contravened both the Agreement and section 515 of ERISA by their failure to contribute $2,244,850.24 to the Funds in connection with Covered Work performed during the Audit Period

27. Under section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), and under the Agreement and/or the documents and instruments governing the Funds, Defendant are liable to the Funds for delinquent of $1,442,840.50; interest from the due dates through the date of judgment; liquidated damages of $288,568.10 (20% of the principal amount due); and all reasonable attorneys' fees, expenses and costs incurred by the Funds in prosecuting this suit.

## THIRD CLAIM FOR RELIEF

28. Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 27 above and incorporate them herein by reference.

29. As the alter ego of EAQ Construction, Taj is obligated under the CBA.

30. As such, Taj must cooperate with an audit of its books and records.

31. ERISA, the Agreements, and the documents and instruments governing the Funds, including their trust agreements and collection policies, authorize the Funds to inspect the books and records of Taj, for the purpose of conducting an audit to ascertain

whether the defendants fully complied with their obligations to make contributions to the Funds in connection with work performed during the Audit Period.

32. Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), authorizes this Court to award appropriate equitable relief to redress certain violations of ERISA or the documents and instruments governing an employee benefit plan.

33. The Funds have no adequate remedy at law to obtain access to their books and records.

34. The Funds are entitled to an Order of this Court requiring Defendants to make their books and records available for the Funds' inspection and to require that Defendant pay those contributions, interest, liquidated damages or additional interest, and reasonable audit and attorneys' fees and costs pursuant to ERISA as the audit shall find.

**WHEREFORE,** Plaintiffs respectfully request that this Court:

(1) Award judgment to Plaintiffs against Defendants, jointly and severally, for $1,447,158.70, plus interest and liquidated damages;

(2) Ordering that Taj submit to audit for the period July 1, 2008 to present;

(3) Award Plaintiffs all reasonable attorneys' fees, expenses, and costs that they incur in prosecuting this suit; and

(4) Award Plaintiffs such other and further relief as is just and proper.

Dated: New York, New York
June 30, 2014

Respectfully submitted,

**VIRGINIA & AMBINDER, LLP**

By: _____
Michael Bauman
111 Broadway, Suite 1403
New York, New York 10006
(212) 943-9080

*Attorneys for Plaintiffs*